| | | |
|---|---|---|
| WALDO FENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10cv383 |
| | ) | |
| CITY OF DURHAM/BOARD OF ADJUSTMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's Motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)(2)(4)(5) & (6). (Docket Entry 11.) Defendant also filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Docket Entry 18*).* Defendant has properly pleaded res judicata and collateral estoppel as a bar to Plaintiff's action in this Court. (*See* Docket Entry 18). Thus, it is recommended that Defendant's motion for summary judgment be granted and Defendant's other pending motion be dismissed as moot.

## I. BACKGROUND

Plaintiff filed this *pro se* action against Defendant on May 17, 2010. (Compl., Docket Entry 2.) Plaintiff alleges that Defendant allowed Broad Street Night Club ("Broad Street Café") to operate at the subject property for the last 9 years without a permit, which was an unlawful use of the property. (*Id.* at 2.) Plaintiff also contends that Defendant granted a permit to Broad Street Café and its subsequent operation disturbed the peace and dignity of his home. (*Id.*) Specifically, Plaintiff alleges that Broad Street Café engaged in illegal activity

and late night noise, which resulted in the use of drugs being used on his property, harassment, the inability to use his property in a "safe environment," loss of sleep, no peace of mind and loss of income. (*Id.* at 1, 5.) Plaintiff alleges Defendant violated his Constitutional 14th Amendment Rights to Due process and Equal Protection of the Laws, "depriving him of liberty, life and property by allowing Broad Street café/nightclub to operate within ten feet behind his home." (*Id.* at 3.) Plaintiff further alleges he has been discriminated against by Defendant by "depriving him of liberties of property granted to all citizens under the 14th Amendment to the United Constitution." (*Id.* at 4.) As a result, Plaintiff alleges "he has suffered emotional, physical, financial and stress." (*Id.*) Plaintiff seeks damages pursuant to 42 U.S.C. Section 1983, 1985 & 1986. In his prayer for relief, Plaintiff seeks $550,000 in punitive damages, $500,000 in compensatory damages, and $700,000 for pain and suffering. (*Id.* at 5.) On July 19, 2010, Plaintiff sought to increase the amount of his punitive damage demand from "$550,000 to 1 million."[1] (Docket Entry 14.)

In addition to filing the instant action in this Court on or about May 27, 2010, Plaintiff also filed the same or similar action (Fenner v. City/County Board of Adjustment, 10-CVS-03687) in the Durham County Superior Court of North Carolina on or about May 21, 2010. (*See* Docket Entry 12-2.) This state court action was dismissed with prejudice on August 27, 2010. (*See* Docket Entry 19-1.) For such reasons, the court recommends that Plaintiff's instant action be barred pursuant to the doctrines of res judicata and collateral estoppel.

---

[1] *See also* Text Order signed 7/26/2012.

2

## II.  DISCUSSION

### A.  Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party."  *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact.  *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)).  Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party.  *Anderson*, 477 U.S. at 250; *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995).  When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party.  *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

Moreover, "once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Id.* Moreover, the non-movant's proof must meet the substantive evidentiary standard of proof that would apply at a trial on the merits. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993), *modified on other grounds, Stokes v. Westinghouse Savannah River Co.*, 420, 429-30 (4th Cir. 2000); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1233 n.7 (4th Cir. 1989). Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).

B. <u>Res Judicata and Collateral Estoppel</u>

The doctrine of res judicata precludes "relitigation of issues that were actually decided or that could have been presented for determination," while collateral estoppel precludes the relitigation of issues that were actually decided. *Watkins v. M. &M. Tank Lines, Inc.* 694 F. 2d 309, 311 (4th Cir. 1982). To make a plea of res judicata:

> (1) The parties must be same or their privies; (2) The subject matter must be the same; and (3) while generally the precise point must be ruled,[2] yet where the parties are the same or in privity, the judgment is an absolute bar not only of what was decided but what might have been decided.

*Id.* (citing *Mackey v. Frazier,* 234 S.C. 81, 87(1959)). "Collateral estoppel is distinguished from res judicata by the lack of a requirement of technical privity between the parties and the lack

---

[2] The final judgment in the prior suit must be "on the *merits.*" *See Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004).

of requirement that the causes of action in the two suits be same." *Id.* Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under 12(b)(6) is presumed to be both a "judgment on the merits of a claim" and to be "rendered *with* prejudice." *McLean v. United States,* 566 F.3d 391, 407 (4th Cir. 2009) (emphasis added); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 686 (9th Cir. 2005) (holding, in res judicata context, that " 'final judgment on the merits' is synonymous with 'dismissal with prejudice' ").

C. Analysis

In the present case, Plaintiff has had a "full and fair opportunity to litigate the relevant issues effectively" in the state court action.[3] Plaintiff's action in state court involved the same Defendant in the present case, the City of Durham/County Board of Adjustment. (*See* Docket Entry 19-1 at 1.) Plaintiff's Complaint in state court indicates that same subject matter in the present case: "In particular, the City is violating Mr. Fenner's rights under the Fourteenth Amendments, equal protection under the law, Due process property clause to the United States Constitution and the North Carolina Constitution by enforcing against him an unconstitutional ordinance." (Pl.'s State Compl., Docket Entry 12-2 at 2; *see also* Pl.'s Fed. Compl., Docket Entry 2.) The State court issued its Order, and in relevant part, it stated:

> Based on consideration of the record proper, the Court concluded that Plaintiff has not stated a claim upon which relief could be granted and that judgment as a matter of law at this stage of the proceeding is appropriate. The Court further concludes that Plaintiff failed to exhaust his administrative remedies in his zoning case before filing this related lawsuit. Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint in

---

[3] *Watkins,* 694 F.2d at 391 (citing *Graham v. State Farm Fire and Cas. Ins. Co.*, 277 S.C. 389, 496 (4th Cir.1982)).

this case is Allowed, and Plaintiff's complaint in this matter is therefore DISMISSED WITH PREJUDICE. This, the 27th day of August, 2010.

(Docket Entry 19-1 at 2.) Plaintiff's state court action was dismissed *with* prejudice; therefore, the judgment is on the merits. Plaintiff presents no genuine issue of material fact for the court to consider as his current federal claim is barred under the doctrine of res judicata and should be dismissed.

## III. CONCLUSION

In sum, Plaintiff has had a fair opportunity in state court to present for litigation the issues he has against Defendant. For its own reasons, the state court concluded that Plaintiff failed to state a claim against Defendant and dismissed the action *with* prejudice.[4] Therefore, Plaintiff presents no genuine issue of material fact in the claim before us. For such reasons stated in this memorandum opinion, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (Docket Entry 18) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that the other pending motion (Docket Entry 11) be dismissed as moot.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 26, 2013

---

[4] *See* Docket Entry 19-1 at 2.

6